UNITED STATES DISTRICT COURT
WESTERN DISTRCICT OF NORTH CAROLINA

| | |
|---|---|
| Kathleen McKee, a/k/a Kathleen Albright, <br><br> Plaintiff, <br><br> -v.- <br><br> Capio Partners, LLC <br><br> Defendants. | Case No.: 5:25-cv-142 <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Kathleen McKee, a/k/a Kathleen Albright (hereinafter "Plaintiff") brings this Class Action Complaint by and through her attorneys, against Defendant Capio Partners, LLC. ("Capio" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect

1

consumers," and "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. *Id*. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of North Carolina consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of North Carolina in the County of Iredell.

8. Defendant Capio is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. Defendant Capio can be served with process at their registered agent in North Carolina c/o CT Corporation System located at 160 Mine Lake Ct., Suite 200, Raleigh, NC 27615-6417.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of North Carolina;

    b. with whom Defendant sent an initial collection letter;

    c. which communication included an offer to settle the debt;

    d. for which this offer did not extend past the debt validation period;

    e. which communications were made on or after a date one (1) year prior to the filing of this action.

13. The identities of all class members are readily ascertainable from the records of the Defendants and those companies and entities on whose behalf it attempts to collect debts and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's communications with consumers, in the form attached as Exhibit A and as described herein, violate 15 U.S.C. §§ 1692e, 1692g and 1692f.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications with consumers, in the form attached as Exhibit A and as described herein, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

c. **Typicality:** Plaintiff's claims are typical of the claims of the members of the Plaintiff Class. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Plaintiff Class insofar as the Plaintiff has no interests that are averse to the absent members of the Plaintiff Class. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member and in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to November 30, 2023, an obligation was allegedly incurred by Plaintiff to Us Acute Care Solutions ("Us Acute Care").

22. The obligation arose out of a transaction in which money, property, insurance or services of the subject transactions were incurred for personal purposes.

23. The alleged Us Acute Care obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. Us Acute Care is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. Upon information and belief, CF Medical LLC purchased the debt and assigned it to the Defendant to collect the alleged debt.

26. Upon information and belief, Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

27. The Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

28. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

### *Violation – September 4, 2024 Collection Letter*

29. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 29 above herein with the same force and effect as if the same were set forth at length herein.

30. On or about September 4, 2024 Defendant sent Plaintiff sent an initial collection letter regarding the alleged debt *See* Letter attached as Exhibit A.

31. Plaintiff disputes that all or part of this debt is a valid debt.

32. The Letter states, in relevant part:

> We have been authorized to extend to you a special offer to resolve this account for $152.16. This offer will save you 60%. If you choose to accept this offer, payment should be received in this office on or before 10/19/2024.

*See* Exhibit A.

33. The letter later states below on the right side of the page, in relevant part:

> **How can you dispute the debt?**
>
> **Call or write to us by 10/19/2024 to dispute all or part of the debt**. If you do not, we will assume that our information is correct.
>
> **If you write to us by 10/19/2024,** we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents.

*See* Exhibit A.

21. Further on the Letter it states, "We are not obligated to renew this offer."

22. This statement creates an expiring offer which is not promised to be renewed.

23. The payment deadline and the dispute deadline are identical, which creates a confusing, misleading, and coercive situation for Plaintiff.

24. The Plaintiff is effectively placed in a position where she must choose between paying the reduced amount or make a decision about disputing the debt.

25. The Plaintiff is left uncertain as to whether disputing the debt would hinder her ability to accept the reduced payment offer, as this payment deadline was not extended past the dispute deadline or guaranteed to be renewed.

26. The Plaintiff was left anxious whether she would lose the opportunity for the discount by disputing the debt.

27. The pressure placed on Plaintiff by Defendant's letter has caused significant distress, anxiety, and confusion.

28. This makes it difficult for Plaintiff to make a fully informed decision regarding how to correspond with Defendant.

29. These violations by Defendant were unconscionable, knowing, willful, negligent, and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

30. Due to Defendant's actions, Plaintiff expended time and money in determining the proper course of action in response.

31. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm as described above and, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

32. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

33. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

34. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

35. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 34 above herein with the same force and effect as if the same were set forth at length herein.

36. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

37. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

38. Defendant violated §1692e:

    a. by making an expiring offer that does not explicitly last past the dispute time period;

    b. and by making a false and misleading representation/omissions in violation of §1692e(10).

39. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

40. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 34 as if set forth herein.

41. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

42. Pursuant to 15 USC §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

43. Defendant violated §1692f:

   a. by making an expiring offer that does not explicitly last past the dispute time period;

44. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT III**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g** *et seq.*

45. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 34 as if set forth herein.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

47. Pursuant to 15 USC §1692g(a):

   a. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
   b. The amount of the debt;

   c. The name of the creditor to whom the debt is owed;

   d. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

   e. A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt

    collector; and

    f. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

48. Defendant violated Section 1692g(a):

    a. by making an expiring offer that does not explicitly last past the dispute time period;

49. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

50. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kathleen McKee a/k/a Kathleen Albright, individually and on behalf of all others similarly situated, demands judgment from the Defendant as follows:

    i.    Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and the undersigned, as Class Counsel;

    ii.    Awarding the Plaintiff and the Class statutory damages;

    iii.    Awarding the Plaintiff and the Class actual damages;

iv. Awarding the Plaintiff the costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

September 4, 2025

Respectfully Submitted,

**The Emory Law Firm, P.C.**

<u>s/ C. Randolph Emory</u>
C. Randolph Emory, Esq.
11020 David Taylor Drive, Ste 102
Charlotte, NC 28262
Ph: 704-371-4333
remory@theemorylawfirm.com

*Attorneys for Plaintiff*